No. 13,166.

PEOPLE EX REL. MOORE *v.* LORY ET AL.

(31 P. [2d] 1112)

Decided April 9, 1934.

Messrs. FISCHER & BENNETT, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. GEORGE A. CROWDER, Deputy, Mr. FRED W. STOVER, Special Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE relator Moore sought a writ of mandamus from the district court to compel the thirty respondents, as the faculty council of the Colorado Agricultural College, to recommend him for the degree of master of arts. The

district court issued the customary alternative writ, and on the return day entered upon a formal hearing. Having taken much evidence and listened to exhaustive arguments, the court dismissed the case. The relator asks us to reverse this judgment.

Like all reputable institutions of higher learning, the Colorado Agricultural College applies concrete standards to those who are students there, whether the courses they are pursuing lead to a degree or not. Among the highest honors it bestows is the degree of master of arts. In contemplation of the conferring of such a degree, the proper preliminary training, as well as satisfactory study, adequate accomplishment, and integrity of character and methods, must necessarily be manifested. Naturally they must be ascertained in some reasonably effective way. To that end the proper authorities of the college have evolved a definite procedure, presumably appropriate and just both to the institution whose reputation is in their keeping and to the student as well. This procedure has existed for many years. It provides for successive approval of the student's work by various agencies. Among other requirements, for example, a candidate for a master's degree must present a thesis, which must be approved by the head of the department wherein the major line of work is done. However, such approval is not conclusive. The final step, in deciding whether the degree should be given, is to be taken by the faculty council. The favorable recommendation of this body to the state board of agriculture entitles a candidate to the degree. The actual award thereof by the board is purely ministerial.

The relator pursued a course which, if successfully completed, was to culminate in a master of arts degree. He does not question the established procedure. On the contrary, he submits to it and invokes it in this proceeding. He and his counsel take the view, however, that the evidence conclusively shows him to have become absolutely entitled to the degree.

Notwithstanding this contention, however, the truth is that the faculty council has not recommended the relator to the state board of agriculture for the degree. The council has not simply refrained from making the recommendation, nor has it refused to act. It has twice considered the matter in formal sessions, and twice refused to recommend the relator. The second vote, taken at a well attended session held by the faculty council after the service of the alternative writ, was unanimous.

██ There is no apparent reason why the officers and the faculty of an educational institution like the Colorado Agricultural College, established and maintained by the state, should not be given the same presumptions of regularity in performing their duties as are accorded to ordinary public officers. Those presumptions continue until overthrown by clear and convincing evidence of dishonesty or caprice. Such in fact, are the presumptions applicable in the case of all degree-conferring institutions, whether state institutions or not. "The decision of the college authorities is conclusive on the question as to whether a student has performed the conditions entitling him to a degree, if they act in good faith and within their jurisdiction." 11 C. J. 984, §9 (citing *Tate v. North Pacific College,* 70 Ore. 160, 140 Pac. 743).

The relator attempted to prove that the faculty council was guilty of bad faith when it twice voted against recommending him for the coveted degree. Certain peculiarities of method and style in the preparation of the relator's thesis were the occasion for somewhat heated remarks directed against the relator's scholastic integrity by one member of the council, who was also one of three members of a committee on advanced degrees. Unseemly written criticism of this faculty member by the relator followed. This interchange of personalities was given a prominent place in the testimony and the briefs; but, on account of our view of the law applicable to this

case, it will not be necessary to go into the details. It is plain that this unfortunate episode did not influence the result. Under the procedure established by the college and recognized by the relator as aforesaid, the matter of finally deciding whether the thesis was acceptable, and whether the relator should be recommended to the state board of agriculture, was within the proper province of the faculty council. The evidence was overwhelming to the effect that the official action of the council was taken with careful deliberation and in the utmost good faith. The trial court so found, and its findings and judgment are right.

Judgment affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND dissent.