603 P.2d 974 (1979)
Larry Z. GOLDBERG, Plaintiff-Appellant,
v.
The BOARD OF REGENTS OF the UNIVERSITY OF COLORADO, a body corporate, the Graduate School of the University of Colorado, Milton Lipetz, Dean, Individually, the Department of History of the University of Colorado, George Pilcher, Chairman, Individually, and Deward Walker, Dean of Student Affairs, Defendants-Appellees.
No. 79CA0218.
Colorado Court of Appeals, Div. II.
November 8, 1979.
*975 Roger P. Barrick, Boulder, for plaintiff-appellant.
Richard A. Tharp, Boulder, for defendants-appellees.
RULAND, Judge.
Plaintiff, Larry Z. Goldberg, seeks reversal of the trial court's order dismissing his complaint for failure to state a claim. We affirm.
Plaintiff enrolled at the university seeking a Ph.D. degree in history. Prior to April of 1974, plaintiff failed a written examination on medieval history on two separate occasions. He was thereafter granted a waiver to take the exam for the third time.
On May 14, 1975, plaintiff received a failing grade on one of the four sections of the exam. Believing that a "double standard" was used, and that an instructor's "personal bias" had influenced the grading of the exam, plaintiff served a written request for review of the exam with the chairman of the department of history.
Plaintiff thereafter became involved in a complex series of university appeals procedures, lasting over two years. During this time, numerous review panels composed of faculty members drawn from the history department, graduate school, and from outside of the university, reviewed plaintiff's complaints. During the course of this review, plaintiff informed the chairman of the history department of his additional request that, because of the extensive delay, the oral portion of his examination should be waived.
Ultimately three readers outside the university were selected to evaluate the exam, and two of the readers concluded that plaintiff should have been granted a passing grade. The department was therefore instructed by the Executive Committee of the Graduate School to permit plaintiff to take the oral exam and that the Executive Committee refused to waive that examination. Plaintiff then filed this action.
Insofar as pertinent here, his amended complaint alleged that he was denied due process under 42 U.S.C. § 1983 during the course of the university appeal process because of negligent or intentional failure by the university to follow its own rules and regulations. On appeal, plaintiff contends that dismissal of his complaint was error because, absent academic deficiencies, he possessed a property interest in receiving a Ph.D. degree, and a liberty interest in preserving his academic reputation. Citing Shumate v. State Personnel Board, 34 Colo. App. 393, 528 P.2d 404 (1974), he contends that once these interests attach, they are protected by the university's own appeal procedure, and cannot be ignored without a denial of due process. However, even assuming, arguendo, that plaintiff holds a valid liberty or property interest, as alleged, and that the university did not strictly adhere to its own procedures in handling plaintiff's appeal, we conclude that dismissal of the complaint was correct.
The only obstacle to plaintiff's pursuit of his Ph.D. degree consists of his refusal to take the oral exam. Conversely, plaintiff does not dispute the authority of the university to require the successful completion of that exam as a condition precedent to the award of a degree. See People ex rel. Moore v. Lory, 94 Colo. 595, 31 P.2d 1112 (1934). He further concedes that he cannot claim any property or liberty interest if it appears that any academic deficiencies exist. We conclude that the refusal to take the oral exam establishes such a deficiency and that, therefore, plaintiff has alleged no claim for relief.
Judgment affirmed.
PIERCE and BERMAN, JJ., concur.