**LeRoy S. HOPWOOD,
Plaintiff-Appellant,**

v.

**BOULDER COUNTY DEPARTMENT OF SOCIAL SERVICES, State of Colorado Merit System Council, E. E. Schoech, Director, Boulder County Department of Social Services, and The Colorado State Department of Social Services, Defendants-Appellees.**

No. 79CA0840.

Colorado Court of Appeals,
Div. I.

April 3, 1980.

As Modified On Denial of Rehearing
May 1, 1980.

Dominick & Hurley, Debra A. Hurley, Boulder, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Barbara G. Scherer, Asst. Atty. Gen., Denver, for defendants-appellees.

KELLY, Judge.

■ LeRoy Hopwood appeals the judgment of the district court affirming the final agency action by the Merit System Council of the State Department of Social Services terminating his employment as a resource investigator for the Boulder County Department of Social Services. He argues that his termination was improper because the notice of termination failed to comply with Merit System Administrative Rules & Regulations § 3914.52 promulgated by the State Department of Social Services under § 26–1–120, C.R.S.1973. We agree and therefore reverse.

Section 3914.52 states:

"The county appointing authority, fifteen calendar days after notice in writing to an employee, *stating specific reasons* and informing him of his right to appeal; may dismiss any permanent employee who is negligent or inefficient in his duties as evidenced by a Service Rating of 'Unsatisfactory' on one or more of the rating factors; or who is unfit to perform his duties; or who is found to be guilty of gross misconduct and/or insubordination; or who is convicted of any crime involving moral turpitude." (emphasis added)

The notice of termination sent by the director of the Department of Social Services to Hopwood, in pertinent part, reads as follows:

"After extensive discussions involving you, your immediate Supervisor, the Division Head in charge, and the Personnel Officer, I have reached the following conclusions:

(1) That you did in your last annual rating receive notice that you would be rated on the basis of a 'more goal oriented and performance expectation supervision to be conducted by Clarence Baldwin.' (sic)

(2) That Clarence Baldwin has established this mode of supervision which has resulted in the conclusion that:

(A) Your performance is substandard

(B) Your efforts to correct or improve this performance have not been sufficient as indicated in your 90 day evaluation."

Hopwood argues that the notice of termination did not state "specific reasons" for his termination. We agree.

The hearing officer determined that the requirement that the notice of termination state specific reasons is met by an enumeration of one or more of the general bases for dismissal listed later in the section. He concluded that the characterization of Hopwood's performance as "substandard" was equivalent to a charge that he was negligent or inefficient in his duties and that, therefore, the notice complied with the regulation. Even if this were a correct analysis, the reasons given would not meet the requirements of the regulation.

■ Under the hearing officer's interpretation of § 3914.52, the employer need not inform the employee of the behavior, activities, and circumstances leading to the conclusion that he should be terminated. Such a construction effectively negates the requirements for a statement of the specific reasons for termination. Since the language of the regulation must be construed as having been intended to be effective, the hearing officer's interpretation cannot pre-

vail. *See, People ex rel. MacFarlane v. American Banco Corp.*, 194 Colo. 32, 570 P.2d 825 (1977).

■ While the references within the notice to Hopwood to previous evaluations might have satisfied due process requirements, when a state agency promulgates regulations governing the manner of discharge of employees more stringent than due process would require, it must strictly comply with those rules. *Shumate v. State Personnel Board*, 34 Colo.App. 393, 528 P.2d 404 (1974). Here, the termination notice to Hopwood stated a conclusion that his performance was substandard but did not indicate what action or lack of action by Hopwood led to this conclusion. Consequently, the notice failed to state specific reasons for termination as required by § 3914.52.

In view of the conclusion we have reached, it is not necessary to consider Hopwood's other assignments of error.

The judgment affirming the decision of the Merit System Council is reversed and the cause is remanded to the District Court for the entry of an order directing Hopwood's reinstatement and remanding to the hearing officer for a hearing on Hopwood's entitlement to back pay and benefits.

COYTE and SMITH, JJ., concur.