June D. MERCER, Plaintiff-Appellee,

v.

The BOARD OF COUNTY COMMISSION-ERS OF the COUNTY OF JEFFER-SON, State of Colorado, and Norman C. Allen, County Clerk and Recorder of the County of Jefferson, State of Colorado, Defendants-Appellants.

No. 82CA0464.

Colorado Court of Appeals, Div. III.

March 10, 1983.

Rehearing Denied April 7, 1983.

Certiorari Denied Sept. 26, 1983.

Yu & Stromberg, P.C., Michael Huotari, Frederick Y. Yu, Denver, for plaintiff-appellee.

Patrick R. Mahan, Jefferson County Atty., Cile Pace, Asst. County Atty., Golden, for defendants-appellants.

VAN CISE, Judge.

Defendants (the county) appeal a judgment entered in favor of plaintiff, June D. Mercer, on her claim of wrongful separation from employment. We affirm.

Mercer was employed in the motor vehicle division of the Jefferson county clerk

and recorder's office for approximately ten years. She last worked at her job on April 10, 1979. She was on vacation or sick leave from April 11 to May 31, and was then placed on leave without pay until June 1, 1980. At the end of that leave, without giving any notification, she did not return to work.

On June 6, 1980, her employer sent her a "notice of personnel action." Under "remarks" was the statement "one year leave of absence, did not return to work." Although there were boxes for indicating "resignation" or "dismissal," these boxes were not marked. Instead, the box for "other" was marked, and under that was the word "termination."

Mercer did not ask for a hearing; in fact she had no communication with any county personnel after receipt of this notice. Instead, on July 10, 1980, she brought suit for reinstatement.

The county's main contention on appeal is that Mercer failed to exhaust her administrative remedies prior to judicial review and that, therefore, the court lacked subject matter jurisdiction. We do not agree.

■ Had the notice to Mercer indicated that she was being "dismissed" for failure to return to work at the end of an authorized leave, the county personnel rules would have made the dismissal final within three days unless she invoked the grievance procedure. But here, the county, for the best of motives (to assure that Mercer received all of the benefits available to her from a non-prejudicial separation from employment), chose "termination" rather than "dismissal." And, the county personnel rules not only contain no provision for administrative review of "termination" but also limit the grounds for "termination" to "while on probation, due to layoff or due to the relative-hiring policy." Therefore, since the stated cause for Mercer's "termination" is not provided for in the rules, the trial court correctly held that her "termination" was wrongful and ordered her reinstatement. When a governmental agency promulgates rules governing discharge of its employees, it must strictly comply with

those rules. *See Hopwood v. Boulder County Department of Social Services,* 44 Colo. App. 181, 613 P.2d 346 (1980); *Shumate v. State Personnel Board,* 34 Colo.App. 393, 528 P.2d 404 (1974).

■ The county urges that the action should have been dismissed on the ground that Mercer quit her job and, therefore, had no justiciable claim for unlawful termination. However, the trial court, on conflicting evidence, found as a fact that Mercer did not quit. That finding is binding on review. *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970).

The contentions as to waiver, estoppel, and laches are without merit.

Judgment affirmed.

KELLY and KIRSHBAUM, JJ., concur.