Kathleen BRENNAN, Plaintiff–Appellee and Cross–Appellant,

v.

DEPARTMENT OF LOCAL AFFAIRS and State Personnel Board of the State of Colorado, Defendants–Appellants and Cross–Appellees.

No. 87CA0639.

Colorado Court of Appeals,
Div. II.

May 25, 1989.

Rehearing Denied July 20, 1989.

Certiorari Denied Jan. 29, 1990.

C. Thomas Bastien, Denver, for plaintiff-appellee and cross-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Neil L. Tillquist, Asst. Atty. Gen., Denver, for defendants-appellants and cross-appellees.

Opinion by Judge MARQUEZ.

Defendants, the Department of Local Affairs (Department) and the State Personnel Board (Board), appeal the district court judgment reversing a 1983 decision of the Board concerning the layoff of plaintiff, Kathleen Brennan, and remanding the matter to the Board for further proceedings. Plaintiff cross-appeals the district court judgment affirming the Board's 1986 decision on remand. We affirm.

Brennan was employed as a principal economist by the Department from February 1980, until she was laid off from that position in 1981, by which time she had become a certified employee. Her position and various other expenses had been fund-

ed by annual federal Economic Development Administration (EDA) grants in the amount of $105,000. The last annual grant began on September 1, 1980, and was to terminate on August 31, 1981. The layoff notice, dated July 27, 1981, stated: "Due to the lack of funds resulting from the grant close-out, your position will be abolished. . . . Therefore, effective . . . September 30, 1981, you will be laid off."

The hearing officer found that there was a balance of at least $13,000 remaining in those funds and the record reflects that prior to the September layoff date the Department accepted an offer from EDA to amend the grant to extend through December 31, 1981. Pursuant to the amendment, the EDA provided the Department with an additional $35,000.

Upon Brennan's appeal of the layoff, a hearing officer found that there was no true lack of funds, and concluded that the layoff was arbitrary and capricious and an abuse of discretion. Accordingly, the hearing officer set aside the layoff notice and reinstated Brennan to her position with full pay and benefits from October 1, 1981, through the end of December 1981. By a ruling issued in 1983, the Board overturned that decision and reinstated the Department's decision, holding that the funds received after the original grant had expired were to be considered as new funds to which Brennan had no claim and that, therefore, the Department had the option to expend the funds for contract services.

The district court reversed the Board's decision, but remanded the case to the administrative agency for determination as to the availability of funds for Brennan's position for 1982. The defendants appeal that judgment.

On remand, a hearing officer ruled that Brennan had failed to establish that there were funds available for her position after January 1, 1982. The Board, in 1986, affirmed that decision, and Brennan appeals the subsequent ruling of the district court affirming the Board.

## I.

Defendants contend that the Board properly overturned the hearing officer's initial decision reinstating Brennan to her former position, and that the district court's reversal of the Board's decision was unfounded and improper. We disagree.

The layoff notice stated that the action was being taken pursuant to Personnel Rule 9–2–1, 8 Code Colo. Reg. 801–1. That rule, as in effect on July 27, 1981, states:

"Lay offs shall be initiated only by lack of work, *lack of funds*, or reorganization. Lay off shall not be used as an excuse to terminate or reassign employees due to conditions that are covered by other sections of these Rules." (emphasis added)

The thrust of defendants' argument on appeal is that determination of the use of the new funds was a management decision. We reject this argument.

■ When a governmental agency promulgates rules governing the discharge of its employees, it must strictly comply with those rules. *Mercer v. Board of County Commissioners*, 671 P.2d 435 (Colo.App.1983).

■ Personnel Rule 9–2–1 states the sole conditions permitting layoffs and does not allow for such by means of ad hoc agency decisions to divert otherwise available funds away from existing personnel costs. Consonant with that rule, the notice to Brennan stated that the layoff was because of "the lack of funds resulting from the grant close-out," and accordingly, the Department was bound by the terms of that notice and cannot sustain the layoff on other grounds.

■ Review of the Department's action must focus upon whether there is factual support for the stated basis for the layoff. Thus, the determinative factual issue is whether funds were available from which the Department could have paid Brennan's salary from October 1, 1981, through December 31, 1981. The record supports the hearing officer's findings that there was no true "lack of funds," as contemplated by the Personnel Rules, to form the basis for a layoff, and that there were more than sufficient funds available to pay Brennan's salary and fringe benefits for the balance of the year.

However, a legal question arises as to whether the terms of the amendment to the grant, as opposed to any other concerns of the Department, would preclude the Department from using Brennan to fulfill its purpose.

Since contract interpretation is a question of law, *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo. 1984), a reviewing court is not bound by the agency's determination. *See* § 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A).

We find nothing in the terms of the amendment agreement which altered the "Scope of Work" provisions contained in the original grant contract or which would otherwise preclude its fulfillment by using Brennan, rather than contracting out for the services. Therefore, we determine that the additional funds contributed under the grant were funds from which the Department could have paid Brennan's salary.

To the extent the hearing officer's findings as to availability of funds were of evidentiary fact, they are not contrary to the weight of the evidence and are thus binding upon the Board. *See* § 24–4–105(15)(b), C.R.S. (1988 Repl.Vol. 10A). To the extent the findings represent ultimate fact, they were correct interpretations of the contract involved. *See Baca v. Helm*, 682 P.2d 474 (Colo.1984); *Lee v. State Board of Dental Examiners*, 654 P.2d 839 (Colo.1982). Therefore, the hearing officer correctly concluded that the layoff was arbitrary and capricious and the district court committed no error in reversing the Board's decision.

## II.

However, we reject Brennan's arguments on cross-appeal concerning the Board's decision relative to the availability of funds after December 31, 1981.

■ We find no merit in Brennan's argument that the hearing officer erred in placing the burden of proof on her to show that funds were available. Even if we assume that the Department would initially have borne the burden of proof as to the lack of funds, evidence that the grant amendment extended only through December 31, 1981, was sufficient to meet that burden and to shift the burden to Brennan to show that funds were available.

■ Contrary to Brennan's argument, no unfairness attends this process simply by virtue of the fact that the Department may have more intimate access to such information. Brennan had the right to subpoena any employee or official of the Department to appear and testify or to produce documentary evidence bearing upon the issue. *See* § 24–4–105(5), C.R.S. (1988 Repl.Vol. 10A).

The record supports the hearing officer's finding that Brennan failed to establish that there were funds available after January 1, 1982. Therefore, we find no error in the district court's judgment affirming the Board's adoption of the hearing officer's decision.

Judgments affirmed.

SMITH and SILVERSTEIN *, JJ., concur.