**Vibart SUBRYAN, Plaintiff-Appellee,**

v.

**REGENTS OF the UNIVERSITY OF COLORADO, a body corporate, Defendant-Appellant.**

**No. 82CA1344.**

Colorado Court of Appeals,
Div. II.

Dec. 20, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Denied April 22, 1985.

Brauer & Buescher, P.C., Joseph M. Goldhammer, Denver, for plaintiff-appellee.

Richard A. Tharp, Sp. Asst. Atty. Gen., University Counsel, University of Colorado, Boulder, for defendant-appellant.

Ann H. Franke, Lawrence White, Washington, D.C., for amicus curiae American Ass'n of University Professors.

SMITH, Judge.

In this employment dispute, the University of Colorado Board of Regents (regents) appeals a judgment for declaratory relief in favor of Vibart Subryan. We affirm.

Beginning in 1963, Subryan was employed by the University of Colorado School of Medicine in various non-tenured capacities. Pursuant to Article II of the *Rules of the School of Medicine* as adopted by the regents, Subryan was first appointed to serve a three year term as a senior instructor on July 1, 1977. As of July 1, 1980, no reappointment or termination action had been taken by the regents. On August 17, 1980, however, the regents sent a letter to Subryan similar to one sent for his initial appointment which reappointed Subryan for a "limited" one-year period effective July 1, 1980, through June 30, 1981. The regents claim they offered this "limited" one year term because funding changes had eliminated Subryan's position. Subryan did not respond to this letter because he assumed it to be exactly like his first three-year appointment.

On February 2, 1981, the regents attempted to terminate Subryan's second term as a senior instructor by notifying him that he would not be reappointed as a senior instructor and that, pursuant to the one-year notice requirement in the *Laws of the Regents*, his appointment would expire February 2, 1982.

Subryan filed a declaratory judgment action and the case was tried to the court on March 5, 1982. The trial court entered judgment declaring that Subryan was entitled to a three-year employment contract commencing July 1, 1980, and that even if the regents could have appointed him for a one-year period, the February 2, 1981, notice of non-reappointment was not sufficient because Subryan would, at that time of year, be unable to seek a position at another university or college for the ensuing academic year. The court also concluded that Subryan's unresponsiveness to the one-year reappointment notice did not constitute a waiver or modification of his right, under the *Laws of the Regents*, to a three-year appointment. The court thus concluded that the Regents had breached their three-year employment contract with Subryan. The regents appeal this judgment.

I.

The regents argue that by his unresponsiveness, Subryan either had accepted the one-year employment by continuing to work after being notified that his reappointment was only for one year, or that no employment contract existed which they could have breached because Subryan did not accept the new terms stated in the August letter. We disagree with both arguments.

The regents' arguments are couched in terms of basic contract principles of offer and acceptance which, although correct, do not apply here in view of the *Laws of the Regents* which ultimately must govern the actions of the Board.

The regents, as a constitutional body, occupy a unique position in our governmental structure. Similar to the powers quoted to the General Assembly they have been empowered by the constitution of Colorado to "enact laws for the government of the University." Section 23–20–112, C.R.S. *See also* Colo. Const. Art. VIII, § 5(2). In accord with this authority the regents have adopted Article II of the *Rules of The School of Medicine* as part of their own laws. It is provided therein that "[t]he first appointment of senior instructor and clinical instructor *shall be* for three years and each subsequent appointment for a similar period." (emphasis added).

 These laws, for the purpose of interpretation, are like statutes, *Associated Students v. Regents,* 189 Colo. 482, 543 P.2d 59 (1975), and in construing them, therefore, we must look to the language and interpret them to mean what they say. *See Rancho Colorado, Inc. v. City of Broomfield,* 196 Colo. 444, 586 P.2d 659 (1978). Where the language of a statute is plain and its meaning clear, it must be enforced as written. *Civil Service Commission v. Leydon,* 491 P.2d 1391 (Colo. App.1971) (not selected for official publication).

Here, the language is unambiguous that all appointments to the position of senior

instructor shall be for a period of three years. The words "shall be" being mandatory, *Industrial Commission v. Plains Utility Co.,* 127 Colo. 506, 259 P.2d 282 (1953); *Park Stations, Inc. v. Hamilton,* 38 Colo.App. 216, 554 P.2d 311 (1976), the regents under their own rules could not reappoint Subryan to a term of less than three years.

■ Where the regents have promulgated rules governing such matters as termination of appointees and such rules are more stringent in favor of the appointee, then due process requires that the regents strictly comply with their rules. *See Shumate v. State Personnel Board,* 34 Colo. App. 393, 528 P.2d 404 (1974).

The regents maintain, however, that their action was born of necessity because of a lack of funding for Subryan's position and that, under *University of Colorado v. Silverman,* 192 Colo. 75, 555 P.2d 1155 (1976), their one-year reappointment under the circumstances was binding. They further argue that, in light of the absence of funding, no three-year reappointment could be effective, despite their own rules, unless the parties mutually agreed otherwise.

■ Although it is true under *Silverman* that the regents have the nondelegable authority to appoint and not appoint, we cannot agree that they can ignore their own laws which mandate that senior instructor reappointments be for three years. These rules were adopted by the regents and are relied upon by all who are affected. They must be given effect and cannot be disregarded or thought of as advisory merely because funding problems have arisen. The regents have the power to amend these rules to avoid such problems and should follow the procedures set forth therein, rather than seeking to ignore them at the expense of an affected staff member such as Subryan.

## II.

■ The regents next contend that Subryan waived his rights to a three-year reappointment by his unresponsiveness to the one year reappointment notice. We disagree.

The trial court specifically found no waiver on the part of Subryan. Recognizing that waiver is a matter of intention, the court concluded that Subryan had not intended to waive his rights to a three-year appointment. Since such finding is supported by the record, we may not disturb it on appeal. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

## III.

■ The regents finally contend that the February 2, 1981, written notification to Subryan terminating his position as of February 2, 1982, was sufficient in view of the "Standards for Notice of Nonreappointment" which provide that "[n]otice of nonreappointment ... should be given in writing ... at least twelve months before the expiration of an appointment...."

Both parties stipulated that notification of nonreappointment was subject to the above quoted standard. The regents argue that the correct interpretation of this standard is that they need only give twelve months notice with no regard as to the terms of the appointment being served. Subryan argues, on the other hand, that termination notification requires the regents to give twelve months notice prior to the expiration of the appointed term. Thus, if one were appointed for a one-year term on July 1, 1980, notification of nonreappointment must also be given on that date.

Since we have concluded that Subryan was entitled to a three-year appointment under the *Rules of the Regents,* we need not address this issue. However, inasmuch as this situation may reoccur, we conclude that the standards setting forth notification for nonreappointment means that the regents must give twelve months notice prior to the end of the appointed term, rather than merely giving twelve months notice at any time during the appointed term.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.