Vibart L. **SUBRYAN**, Plaintiff–Appellee and Cross–Appellant,

v.

The **REGENTS OF THE UNIVERSITY OF COLORADO**, a body corporate, Defendant–Appellant and Cross–Appellee.

No. 86CA1454.

Colorado Court of Appeals,
Div. A.

Nov. 16, 1989.

Rehearing Denied Jan. 11, 1990.

Certiorari Denied June 11, 1990 (90SC65).

Brauer, Buescher, Valentine, Gold-hammer & Kelman, P.C., Joseph M. Gold-hammer, Denver, for plaintiff-appellee and cross-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Beverly Fulton and Joanne M. McDevitt, Sp. Asst. Attys. Gen., Denver, for defendant-appellant and cross-appellee.

Opinion by Chief Judge KELLY.

In this employment dispute, the defendant, the Board of Regents of the University of Colorado, appeals the judgment entered on jury verdicts awarding damages for pain and suffering and exemplary damages to the plaintiff, Vibart L. Subryan. The plaintiff cross-appeals raising several contentions of error. We affirm in part and reverse in part.

This is the second appeal in this case. In the first appeal, this court affirmed the declaratory judgment which held that the defendant's rules dictated that failure to offer the plaintiff a three-year faculty appointment constituted a breach of contract. *Subryan v. Regents of University of Colorado*, 698 P.2d 1383 (Colo.App.1984).

The issue of damages was not tried in the declaratory action. After *Subryan I* was announced, the plaintiff filed a petition for further relief, *see* C.R.C.P. 57(h), seeking damages for lost wages, pain and suffering, and exemplary damages in connection with the defendant's allegedly willful and wanton breach of his employment contract. The plaintiff also alleged that he was denied due process in violation of 42 U.S.C. § 1983 (1982).

The trial court dismissed the plaintiff's § 1983 claim because it was barred by the statute of limitations. The parties stipulated to the damages for lost wages, and after trial, the jury returned verdicts awarding the plaintiff damages for pain and suffering and exemplary damages. The trial court denied the plaintiff's applications for costs, attorney fees, and prejudgment interest on the pain and suffering award.

I.

A.

We agree with the defendant's argument that the trial court erred by assessing exemplary damages against the defen-

dant. This was an action for breach of contract, and exemplary damages are not available in such an action. *Mortgage Finance, Inc. v. Podleski,* 742 P.2d 900 (Colo. 1987).

■ Even if we assume that the allegedly willful and wanton nature of the breach converted this to a tort action, the award of exemplary damages cannot stand. Section 24–10–114(4), C.R.S. (1988 Repl.Vol. 10A), part of the Governmental Immunity Act, exempts public entities from liability for exemplary damages in actions under the Act. Because the Board of Regents is a public entity, *Uberoi v. University of Colorado,* 713 P.2d 894 (Colo.1986), the trial court erred by assessing exemplary damages against the defendant.

### B.

■ The defendant asserts that the trial court erred by ruling that the defendant had a duty to reinstate the plaintiff. We agree.

While the appeal of the declaratory judgment was pending in this court, the plaintiff moved for a preliminary injunction in the United States District Court for the District of Colorado requiring the defendant to reinstate him to his faculty position. That motion was denied, and the underlying federal action was abated until a final adjudication in the state court proceedings.

The trial court here determined that the motion in federal court was a request for reinstatement, and it ruled that the defendant had a duty to reinstate the plaintiff after he so requested. This ruling was erroneous.

■ Reinstatement is an equitable remedy, and it should be awarded only when damages at law are inadequate. *See Mahoney Marketing Corp. v. Sentry Builders of Colorado, Inc.,* 697 P.2d 1139 (Colo.App.1985). The granting or denying of reinstatement depends on the circumstances of a particular case, *see Professional Ass'n of College Educators v. El Paso County Community College District,* 730 F.2d 258 (5th Cir.1984); *Dwyer v.*

*Regan,* 777 F.2d 825 (2nd Cir.1985); *Meyers v. I.T.T. Diversified Credit Corp.,* 527 F.Supp. 1064 (E.D.Mo.1981), and the existence of a flagrant failure to follow prescribed procedures is one circumstance to be considered. *Shumate v. State Personnel Board,* 34 Colo.App. 393, 528 P.2d 404 (1974).

The plaintiff here did not, at any stage of the state court proceedings, request reinstatement. Contrary to the plaintiff's argument, the declaratory judgment did not automatically impose a duty of reinstatement. Without a trial of the equities and a determination that damages at law would not adequately compensate him, the plaintiff was not entitled to reinstatement. *See Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984). Consequently, the trial court erred by ruling that the defendant had a duty to reinstate the plaintiff. It follows that it was error for the trial court to allow the plaintiff to recover damages for pain and suffering arising from the defendant's "willful" failure to reinstate the plaintiff.

In light of this determination, we need not consider the defendant's remaining argument.

### II.

### A.

On cross-appeal, the plaintiff contends that the trial court erred by dismissing his claim under 42 U.S.C. § 1983. We do not agree.

The trial court ruled that the statute of limitations on the plaintiff's § 1983 claim was two years. *See Mucci v. Falcon School District No. 49,* 655 P.2d 422 (Colo. App.1982). The plaintiff, citing *McKay v. Hammock,* 730 F.2d 1367 (10th Cir.1984), asserts that the three-year residuary statute of limitations then in effect should apply. This argument is irrelevant because the petition for further relief was not filed until more than three years after the plaintiff was terminated.

■ Nevertheless, the plaintiff argues that the defendant, by failing to reinstate

him, engaged in a continuing violation of his right to substantive due process, which continued until the date on which his contract would have expired. Since his petition for further relief was filed within three years of that date, he argues, his § 1983 claim was not time-barred. This argument is without merit.

■ A "continuing violation" exists when there is a pattern of discrete acts, each of which evinces a discriminatory intent, or when an employer has a discriminatory system for promotion or retirement. *See Arna v. Northwestern University,* 640 F.Supp. 923 (N.D.Ill.1986). A completed act, such as termination, is not a continuing violation. *West v. ITT Continental Baking Co.,* 683 F.2d 845 (4th Cir.1982).

Here, the wrong of which the plaintiff complains, his termination, took place and was completed on a specific date. The defendant's refusal to reinstate the plaintiff was not a discrete act because it related back to the termination. Thus, it did not extend the running of the statute of limitations.

■ The plaintiff asserts that the filing of his declaratory judgment action tolled the statute of limitations on his § 1983 claim. Again, we disagree.

In *Atchison v. Englewood,* 193 Colo. 367, 568 P.2d 13 (1977), the Supreme Court held that the filing of a declaratory action to interpret a contract tolled the statute of limitations on equitable remedies arising out of the contract's breach. Here, in contrast, the plaintiff's § 1983 claim is not a remedy that arises from the breach of his contract; it is, rather, a new and different claim for relief. Thus, the filing of the plaintiff's declaratory action did not toll the statute of limitations for his § 1983 claim.

■ We also disagree that the plaintiff's petition for further relief should relate back to the time his declaratory judgment action was filed. C.R.C.P. 15(c) allows an amended pleading to relate back to the date of the original pleading under certain circumstances. A petition for further relief is not an amended pleading. *Horn & Hardart Co. v. National Railroad Passenger Corp.,* 659 F.Supp. 1258 (D.D.C.1987). Consequently, the doctrine of relation back is not applicable.

**B.**

■ Finally, the plaintiff contends that the trial court erred by refusing to award him attorney fees pursuant to 42 U.S.C. § 1988 (1976). We do not agree.

Title 42 U.S.C. § 1988 allows the recovery of attorney fees by the prevailing party in an action to enforce certain federal statutes, including 42 U.S.C. § 1983. Because the plaintiff's § 1983 claim was dismissed, we cannot conclude that he has prevailed in an action to enforce that statute. *See Chapman v. Luna,* 102 N.M. 768, 701 P.2d 367 (1985).

Given our disposition of these issues, we do not address the plaintiff's other contentions of error.

The portion of the judgment awarding damages for pain and suffering and exemplary damages is reversed. The judgment is otherwise affirmed.

STERNBERG and PLANK, JJ., concur.