**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLAUDIA CROY,

        Plaintiff-Appellant,

    v.

COBE LABORATORIES, INC. and
COBE CARDIOVASCULAR, INC.,

        Defendants-Appellees.

No. 04-1282

District of Colorado

(D.C. No. 00-D-1976 (MJW))

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Plaintiff Claudia Croy successfully sued her employer, Cobe Laboratories, Inc. ("Cobe"), for breach of a contract to give her a promotion. The jury awarded Ms. Croy $88,798.00 in damages, including both front and back pay. Ms. Croy now appeals the district court's refusal to grant her specific performance—in the form of a promotion in title and duties—as well. We conclude that damages

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

provided Ms. Croy an adequate remedy at law and therefore AFFIRM the district court's denial of specific performance.

I.

Ms. Croy brought several claims against Cobe, including gender discrimination under Title VII, disability discrimination under the Americans with Disabilities Act, and breach of contract under Colorado law. The district court granted Cobe summary judgment on all claims; in a prior appeal, we reversed the grant of summary judgment on the breach of contract claim. *See Croy v. Cobe Laboratories, Inc.*, 345 F.3d 1199 (10th Cir. 2003).

The contract claim then proceeded to trial. Ms. Croy alleged that Cobe had breached a contract to promote her. On the first day of trial, and before the court empaneled the jury, Ms. Croy informed the court that, in addition to damages for back pay and emotional harm, she intended to seek specific performance of the contract. Cobe then moved to strike Ms. Croy's jury demand on the ground that she was seeking primarily an equitable remedy. After hearing argument on the issue, the district court ruled that Ms. Croy had to elect a remedy: either she could try the case to a jury and seek back pay, non-economic damages, and front pay, or she could try the case to the judge and seek back pay, non-economic damages, and specific performance. But, according to the court, front pay and specific

performance were inconsistent remedies; therefore, the election of remedies doctrine required Ms. Croy to choose between them.

Ms. Croy elected to try the case to a jury. At the close of trial, the court instructed the jury that if it found a breach of contract, it should award damages for both front and back pay. The jury found that Cobe had breached the contract, and it awarded Ms. Croy $88,798.00 in economic damages. The verdict form did not indicate what portion of damages constituted back pay and what portion constituted front pay, although it did disclose that the jury found the breach was not "willful and wanton" and declined to award non-economic damages.

Ms. Croy then filed a post-trial motion asking the district court to order specific performance. In her motion, she clarified that her request for specific performance was not a request for a pay raise, because that had already been awarded in the form of front pay; instead, she sought merely a "promotion in title and duties" because she was still working for Cobe at her old position. The district court denied her motion on the grounds that (1) damages provided Ms. Croy with an adequate remedy at law, (2) specific performance was not an appropriate remedy for breach of an employment contract, and (3) an award of both damages and specific performance would result in a double recovery. This appeal followed.

II.

We review the district court's denial of specific performance for abuse of discretion. *See Koch v. Koch*, 903 F.2d 1333, 1335 (10th Cir. 1990).

Specific performance is an equitable remedy, and in Colorado, as in other jurisdictions, "equity will not act if there is a plain, speedy, adequate remedy at law." *Szaloczi v. John R. Behrmann Revocable Trust*, 90 P.3d 835, 842 (Colo. 2004). Whether to grant an equitable remedy when damages are inadequate "depends on the circumstances of a particular case." *Subryan v. Regents of the University of Colorado*, 789 P.2d 472, 474 (Colo. App. 1989). Relevant considerations may include: (1) whether money damages can be calculated with a reasonable degree of certainty; (2) whether money damages can be collected once awarded; (3) whether the contract involves a unique subject matter; or (4) whether full relief would require multiple suits for damages. *See* 12-63 *Corbin on Contracts* § 1142 (2005).

Ms. Croy offers no argument for why damages are an inadequate legal remedy in this case, and none appears from the record. At trial, she testified that the promised promotion included a pay increase of a definite amount (3%) and that she intended to continue working for a definite period of time (until age 65). This was enough for the jury to calculate damages with a reasonable degree of certainty. *Cf. Tri-State Generation and Transmission Ass'n, Inc. v. Shoshone*

*River Power, Inc.*, 874 F.2d 1346, 1362 (10th Cir. 1989) (denial of injunctive relief was not an abuse of discretion where damages were reasonably calculable based on the evidence presented at trial). Furthermore, as the district court pointed out, a decree of specific performance is generally a disfavored remedy for breach of an employment contract because it places the court in the difficult position of monitoring an ongoing and often sour relationship. *See Williston on Contracts* § 67:102 (4th ed. 2004).

The district court also concluded that specific performance was an improper remedy because, when combined with the jury's award of front pay, it would provide Ms. Croy with a double recovery. Ms. Croy counters that her request for specific performance does not include the pay raise that went with her promised promotion, but only a promotion in title and duties, and that therefore she is not seeking a double recovery. As a theoretical matter, it is indeed possible to separate the promised pay increase from the promised promotion in title and duties, awarding damages for the former and specific performance for the latter. However, the district court, in rejecting specific performance on the ground that it would give Ms. Croy a double recovery, must have concluded that the award of damages already compensated Ms. Croy for the lost promotion in title and duties. This was not an abuse of discretion. Ms. Croy testified at trial that the promised promotion included a pay increase of 3% until the expected date of her retirement.

At oral argument (and in its post-trial motion for remittitur), Cobe argued that this pay increase would support a damages award of no more than $45,034.41 (a 3% annual wage increase ($955.18), compounded with 4% yearly merit increases, until Ms. Croy's expected retirement in 2025), a little more than half of the actual award of $88,798.00. Aplt. App. 711. Rather than dispute these calculations, Ms. Croy argued that the jury could have fashioned a different pay increase based on other evidence presented at trial, such as the salaries of other employees at the company. Aplt. App. 637-38. Although the district court ultimately rejected Cobe's motion for remittitur, the substantial discrepancy between the pay raise claimed by Ms. Croy and the jury's ultimate verdict supports the conclusion that the jury compensated Ms. Croy not only for the forgone pay raise but also for the lost promotion in title and duties. Thus, the district court drew the reasonable inference that an award of specific performance on top of damages would provide Ms. Croy with a double recovery. The district court therefore did not abuse its discretion in denying specific performance.[1]

---

[1] Ms. Croy also challenges the district court's application of the election of remedies doctrine, on the basis of which the district court required her to choose between front pay and specific performance before empaneling the jury. According to Ms. Croy, front pay and specific performance are not inconsistent remedies because both rest on an affirmation of the contract. *See, e.g.*, 12-66 *Corbin on Contracts* § 1222 (2005). We need not decide whether the district court erred on this issue, however, because any error it might have committed was harmless. *See* Fed. R. Civ. P. 61 ("The court . . . must disregard any error or

(continued...)

-6-

III.

The judgment of the district court is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge

---

[1](...continued)
defect in the proceeding which does not affect the substantial rights of the parties."). Ms. Croy ultimately received a jury trial, at which the jury determined the issues of breach of contract and damages. After trial, on her motion to amend the judgment, Ms. Croy also received the district court's consideration of her request for specific performance. This procedure is functionally identical to that she would have received had the district court never required her to elect a remedy at all. Therefore any error in applying the election of remedies doctrine was harmless.