528 P.2d 404 (1974)
James F. SHUMATE, Petitioner-Appellee,
v.
STATE PERSONNEL BOARD of the State of Colorado and the members thereof, to wit, et al., Respondents-Appellants.
No. 73-356.
Colorado Court of Appeals, Div. II.
October 1, 1974.
Rehearing Denied October 22, 1974.
Certiorari Denied December 9, 1974.
*405 Quiat, Bucholtz & Bull, P. C., Gerald M. Quiat, Denver, for petitioner-appellee.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Jack E. Hanthorn, First Asst. Atty. Gen., Denver, for respondents-appellants.
Selected for Official Publication.
PIERCE, Judge.
Respondents, Colorado Bureau of Investigation (CBI), its director, John C. MacIvor, and the State Personnel Board appeal from a judgment of the district court reversing a decision of the Personnel Board which upheld the termination of employment of petitioner, Shumate.
The following are the pertinent and undisputed facts upon which we predicate our disposition of this case. On May 28, 1971, MacIvor handed Shumate a letter. The letter began
"SUBJECT: Dismissal as Deputy Director with the Colorado Bureau of Investigation
. . . . . .
In accordance with Chapter XI of the Colorado Civil Service Rules and Regulations, I, as Director of the Colorado Bureau of Investigation, hereby give you *406 notice of my decision to terminate your employment as Deputy Director with this agency.
The command position of Deputy Director encompasses the responsibility of internal supervision within the Colorado Bureau of Investigation and also involves a fiduciary relationship with the Colorado law enforcement community and ultimately with the people of Colorado. I found you have ignored your supervisory and fiduciary responsibilities as Deputy Director by past conduct so serious that your immediate dismissal is essential in the best interests of the public, the law enforcement community, and the Colorado Bureau of Investigation." (emphasis added)
The letter went on to state several allegations of misconduct by Shumate. The letter then concluded:
"As I see my position as Director of the Colorado Bureau of Investigation, it is my duty and obligation to affect your immediate dismissal from this agency." (emphasis added)
The letter was signed by MacIvor and also bore the approval signature of Hugh H. C. Weed, Jr., Executive Director of the Department of Local Affairs.
MacIvor asked Shumate to read the letter, but to disregard the heading. Shumate accepted the document, but only skimmed the material without reading it. MacIvor then requested that Shumate read the letter in its entirety, which he did. Thereafter, MacIvor asked Shumate if he had anything to say about the matter, and Shumate replied, "I haven't done anything wrong." MacIvor then informed Shumate of his concern over the image of the agency and of his further concern for Shumate's long law enforcement career and asked him for his resignation. Shumate refused to resign, whereupon MacIvor stated: "This will serve as notice of your dismissal, effective immediately."
Pursuant to Shumate's request, an adversary hearing was held before a hearing officer, who affirmed the dismissal. Shumate appealed to the State Personnel Board, which adopted the findings and conclusions of the hearing officer. Shumate then sought judicial review under 1969 Perm.Supp., C.R.S.1963, 3-16-5(4). The district court reversed the Personnel Board's decision, reinstated Shumate with back pay and benefits, and awarded Shumate his costs.
Respondents have alleged several errors on appeal and we agree with all of their contentions, save one. A discussion of that issue and one other are dispositive of this controversy and we do not deem it necessary or helpful to the parties or the bar to discuss the other issues which become moot in view of our decision regarding the core issue presented to us.

I.
The principal contention of the respondents is that the trial court, among other grounds justifying its judgment, erroneously held that Shumate was denied due process because Civil Service Commission Rule XI-D-2 had been violated. We agree with the trial court's ruling on this issue.
Civil Service Commission Rule XI-D-2 stated:[1]
"The Director, appointing authority, or an authorized designee, upon obtaining information which would indicate the possibility of administering corrective or disciplinary action, shall meet with the employee to verify the information and afford the employee the opportunity to refute the information or present mitigating evidence."
In the absence of a statute or regulation, due process would have been satisfied by the post-termination hearing afforded Shumate. Harrison v. City & County of Denver, 175 Colo. 249, 487 P.2d 373; Cain v. Civil Service Commission, *407 159 Colo. 360, 411 P.2d 778. However, when a state agency promulgates rules governing such matters as discharge of its employees which are more stringent in favor of the employee than due process would require, the agency must strictly comply with those rules. Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403.
We do not find Rule XI-D-2 to be ambiguous. It requires a "meeting" between a proper representative of the agency and the employee to discuss alleged violations, so that disciplinary action may be forestalled. The respondents argue that the May 28 confrontation fulfilled this requirement. We disagree.
Such a "meeting" must afford the employee a reasonable chance of succeeding if he chooses to avail himself of the opportunity to defend himself. Ricucci v. United States, 425 F.2d 1252, 192 Ct.Cl. 1. The statements in the letter and the conduct of MacIvor show that the immediate termination of Shumate's employment, either by resignation or discharge, was inevitable. Any attempts by Shumate to refute the information or present mitigating evidence at that point would have been an exercise in futility. Thus, the agency, by its action on May 28, 1971, violated both the spirit and the letter of Rule XI-D-2.
Shumate vigorously brought the alleged violation of this rule to the attention of the Personnel Board before any post-termination hearings were held, and he persistently renewed this objection throughout the proceedings, but the agency steadfastly refused to comply with this regulation. Where the procedures for dismissal of a civil service employee are not strictly followed, the dismissal is invalid and the employee must be reinstated. See Service v. Dulles, supra; and California School Employees Association v. Personnel Commission, 3 Cal.3d 139, 89 Cal.Rptr. 620, 474 P.2d 436.

II.
Respondents also complain that the district court erred in adjudging costs against them. We agree with this contention. Costs are not taxable against the sovereign unless the legislature so directs. C.R.C.P. 54(d); Dietemann v. People, 78 Colo. 92, 239 P. 1020. Upon judicial review of administrative action, while 1969 Perm.Supp., C.R.S.1963, 3-16-5(7) permits the court "[to] afford such other relief as may be appropriate," we cannot construe this general provision to authorize assessment of costs against the state so as to take precedence over C.R.C.P. 54(d). No specific statute allowing costs against the state in this particular type of action has been presented to us. Furthermore, the state did not voluntarily enter this litigation. See Barr v. Game, Fish & Parks Commission, 30 Colo.App. 482, 497 P.2d 340. Therefore, it was improper to award Shumate his costs in this action.
The award of costs is reversed and the balance of the trial court's judgment is affirmed.
SILVERSTEIN, C. J., and RULAND, J., concur.
NOTES
[1] The Civil Service Commission rules and regulations are controlling in this case. The Personnel Board rules became effective on October 1, 1971. See 1971 Perm.Supp., C.R.S.1963, 26-5-35.