**David LUCERO, Plaintiff-Appellee,**

v.

**Alan CHARNES, as Director of the Department of Revenue for the State of Colorado, Defendant-Appellant.**

No. 79CA0783.

Colorado Court of Appeals, Div. I.

Feb. 14, 1980.

Nick Avila, Jr., Denver, for plaintiff-appellee.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Richard H. Forman, Asst. Attys. Gen., Denver, for defendant-appellant.

COYTE, Judge.

The Director of the Department of Revenue appeals the judgment of the district court setting aside the revocation of plaintiff's license and awarding plaintiff costs. We affirm in part and reverse in part.

Plaintiff, David Lucero, was involved in an automobile accident in which he suffered a head wound for which he was taken to Denver General Hospital for treatment. At the hospital, a Denver police officer requested plaintiff to submit to an alcohol determination test and gave plaintiff an advisement form pursuant to the implied consent law, § 42–4–1202(3)(b), C.R.S.1973. Plaintiff did not agree to submit to the test.

The grounds for requesting that plaintiff take the chemical sobriety test which the officer noted on the advisement were: "1. involved in auto accident . . . 2. your eyes are bloodshot and watery." The officer also questioned plaintiff for about ten minutes during which time, according to the officer, plaintiff was incoherent fifty percent of the time. At the administrative hearing, this officer testified that he had an additional ground for believing the plaintiff was under the influence of alcohol, not noted on the advisement, in that he detected "a slight odor of an alcoholic beverage on his breath." He further testified that he had read the advisement form to the plaintiff and gave a copy to him although the plaintiff was unable to read it. Another officer also questioned plaintiff and testified that plaintiff responded only when the officer talked about plaintiff's wife but did not respond to any other question.

Plaintiff testified that a blow to his head which he had sustained in the accident had dazed him to the extent that he remembers getting into the ambulance but that he did not recollect seeing the officers or their reading of the advisement form.

At the conclusion of the hearing the Department's hearing officer ordered the revocation of plaintiff's license on the grounds that plaintiff had refused to comply with the implied consent law. The district court reversed the finding of the hearing officer and entered a judgment for costs for the plaintiff, finding that there was no competent evidence to support the hearing officer's findings.

The Director asserts that the district court erred in ruling that the arresting officer's testimony concerning the smell of alcohol on plaintiff's breath should not have been considered as evidence of reasonable grounds by the hearing officer. We disagree.

Section 42–4–1202(3)(b), C.R.S.1973, states that:

"At the time of making such request [to take the chemical sobriety test] the officer, orally and by written notice . . . shall inform the person arrested of his rights under the law and the probable consequences of a refusal to submit to such a test. *Such notice shall also state the circumstances on which he relies as reasonable grounds for believing the arrested person was under the influence of alcohol.*" (emphasis added)

This language imposes on the arresting officer a mandatory duty rather than merely suggesting a discretionary act. *See Board of County Commissioners v. Edwards*, 171 Colo. 499, 468 P.2d 857 (1970).

To allow the arresting officer later to supplement the reasons stated in the notice with additional reasons of such a substantial nature as the smell of alcohol on the individual's breath, would be tantamount to removing the word "shall" from the statute. Hence, the trial court was correct in ruling that § 42–4–1202(3)(b), C.R.S.1973, requires that the grounds relied on by the officer "must be limited to the grounds set forth in the advisement," here, involvement in an auto accident and having bloodshot, watery eyes.

■ On that basis, the trial court did not err in finding that there was no competent evidence of reasonable grounds to believe that plaintiff was under the influence of alcohol. *Gilbert v. Dolan*, 41 Colo.App. 173, 586 P.2d 233.

Since the request to take the test was not based on reasonable grounds, plaintiff's ability to refuse is irrelevant, and the issues relative thereto need not be considered.

■ The Director also contends that the trial court erred in awarding costs to plaintiff. We agree and reverse the trial court's ruling on that issue alone. Under C.R.C.P. 54(d), "[c]osts against the State of Colorado, its officers or agencies, shall be imposed only to the extent permitted by law." There is no specific statutory provision allowing for an award of costs where an individual pursues his right to judicial review of an administrative hearing officer's actions under § 42–2–127, C.R.S.1973, and § 24–4–106, C.R.S.1973, and therefore the trial court had no power to award costs in the instant case. *See Shumate v. State Personnel Board*, 34 Colo.App. 393, 528 P.2d 404 (1974).

The part of the judgment setting aside the revocation order is affirmed, and the part of the judgment awarding costs is reversed.

SMITH and KELLY, JJ., concur.