**STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, Petitioner-Appellant,**

v.

**ANVIL POINT PROPERTIES, LTD., N.P. Dodge Co., Ltd.; N.P. Dodge Co.; Malcomb Jolley; and Bernice McDonald, as Treasurer of Garfield County, Respondents-Appellees.**

No. 85CA0123.

Colorado Court of Appeals, Div. I.

June 5, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Thomas W. Gibb, Sp. Asst. Atty. Gen., Denver, for petitioner-appellant.

Opperman & Associates, P.C., Marlin D. Opperman, Denver, for respondent-appellee Anvil Point Properties, Ltd.

No Appearance for respondents-appellees N.P. Dodge Co., Ltd., N.P. Dodge Co.; Malcomb Jolley; and Bernice McDonald, as Treasurer of Garfield Co.

PIERCE, Judge.

This is an appeal from an award in an eminent domain proceeding concerning the condemnation of some land for highway purposes. The trial to determine the amount of compensation was before a Commission. That award was paid and is not at issue on this appeal. The respondents filed a cost bill which was objected to by the state. The respondents were awarded $34,169, which included $1,679 as costs generated by the state's requested hearing on costs. On appeal by the department of highways, we affirm in part and reverse in part.

### I.

The state first objects that the oral and written orders of the trial court were not sufficient on appeal to show the basis for its conclusions of fact and law. We disagree.

We need not answer the question whether C.R.C.P. 52 is applicable to rulings on post-trial motions because the record before us is adequate to show the basis of the district court's determinations. *See Hipps v. Hennig*, 167 Colo. 358, 447 P.2d 700 (1968); *Manor Vail Condominium Ass'n v. Town of Vail*, 199 Colo. 62, 604 P.2d 1168 (1980).

### II.

The state further complains that the award of costs was not based on a reasonable hourly rate and, therefore, the trial court abused its discretion in determining the value of services rendered by the appraisers. Again, we disagree.

The amount to be awarded in appraiser's fees was hotly contested at the cost hearing. The court properly weighed the conflicting testimony and made its factual determinations regarding the amount to be paid. There was considerable evidence justifying the trial court's determination, and, under the circumstances of this case, we will not disturb those findings on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

### III.

Finally, the state objects to the awarding of costs related to the cost hearing. We agree.

Unless the general assembly so directs, costs are not taxable against the state. *Shumate v. State Personnel Board*, 34 Colo.App. 393, 528 P.2d 404 (1974); *see* C.R.C.P. 54(d). Section 13–33–102(4), C.R.S., controls the costs which may be taxed in eminent domain proceedings. *Denver Urban Renewal Authority v. Hayutin*, 40 Colo.App. 559, 583 P.2d 296 (1978). That statute does not specifically provide for assessment of costs generated by a cost hearing. Nor are we aware of any other authority supporting such an award. Therefore, we reverse as to that award.

The part of the order awarding costs relating to the hearing on costs is reversed, and the cause is remanded to the district court with directions to reduce the award by the sum of $1,679 leaving a balance of $32,490. The order is affirmed in all other respects.

BERMAN and TURSI, JJ., concur.