Earl Dee McFARLAND, and Ira Johnson, Jr., Petitioners–Appellees,

v.

Frank O. GUNTER, Executive Director, Colorado Department of Corrections, Respondent–Appellant.

No. 91CA0624.

Colorado Court of Appeals, Div. II.

March 26, 1992.

Cherner & Blackman, Philip A. Cherner, Denver, for petitioners-appellees.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul S. Sanzo, Asst. Atty. Gen., Denver, for respondent-appellant.

Opinion by Judge HUME.

Asserting that they were entitled to parole, petitioners, Earl Dee McFarland and Ira Johnson, Jr., filed a petition for a writ of habeas corpus seeking an order directing respondent, Frank O. Gunter, Executive Director of the Department of Corrections, to release them from incarceration. The trial court issued the writ and, after a hearing, ordered the release of petitioners. Subsequently, the court entertained petitioners' cost bill and awarded them costs against the respondent in his official capacity. The sole issue on appeal is whether court costs can be assessed against an officer or agency of the state. We reverse the cost award.

■ Unless the General Assembly so directs, costs are not taxable against the state, its officers, or agencies. C.R.C.P. 54(d); *State Department of Highways v. Anvil Point Properties, Ltd,* 722 P.2d 1024 (Colo.App.1986); *cf. Adams County School District 27-J v. Mack's Plumbing & Heating, Inc.,* 824 P.2d 105 (Colo.App.1991).

■ Here, petitioners were awarded costs pursuant to § 13–16–104, C.R.S. (1987 Repl.Vol. 6A). However, that statute contains only general provisions entitling a prevailing party to recover costs, and thus, it is not an express authorization allowing the assessment of costs against the State in contravention of C.R.C.P. 54(d). *See Shumate v. State Personnel Board,* 34 Colo.App. 393, 528 P.2d 404 (1974); *cf. Lee v. Department of Health,* 718 P.2d 221 (Colo.1986) (authorizing recovery of costs incurred in tort claim under the Governmental Immunity Act).

In addition, § 13–45–117, C.R.S. (1987 Repl.Vol. 6A) expressly provides for a prisoner's recovery of costs ancillary to specified statutory penalties or forfeitures in habeas corpus matters. Had the General Assembly intended to allow cost recovery in habeas corpus proceedings generally, rather than only in such limited circumstances, it could have enacted legislation so stating.

That portion of the trial court's judgment awarding cost recovery to the petitioners is reversed.

SMITH and NEY, JJ., concur.