**Ronald Lee SMITH, Plaintiff–Appellant,**

v.

**Robert FURLONG, Carol Soares and Mary Cox, Defendants–Appellees.**

No. 98CA0636.

Colorado Court of Appeals, Div. A.

March 4, 1999.

Ronald Lee Smith, Pro Se.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Joseph Haughain, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees

Opinion by Chief Judge HUME.

Plaintiff, Ronald Lee Smith, an inmate in the custody of the Department of Corrections (DOC), appeals from the trial court's order denying his post-judgment motions seeking an award of attorney fees and costs following the reversal of the DOC's disciplinary ruling against him in the underlying judicial review proceedings. We affirm.

Plaintiff, acting *pro se*, filed a complaint challenging the DOC's disciplinary action against him pursuant to C.R.C.P. 106(a)(4), naming various officials of the DOC involved in the disciplinary action as defendants. Defendants later filed a motion for remand, requesting that the results be reversed and that the matter be remanded for a new hearing for plaintiff on the disciplinary action. Based on this motion, the trial court entered a final judgment reversing the administrative decision and remanding the matter to the

DOC for a new hearing on the disciplinary action.

Plaintiff thereafter filed a motion for an award of attorney fees pursuant to § 13–17–102, C.R.S.1998, and C.R.C.P. 121 § 1–22. In his motion, plaintiff asserted that defendants had not acted in good faith in these proceedings and sought compensation for "fees" for his own time spent. He also moved for an award of costs as the prevailing party pursuant to § 13–16–104, C.R.S.1998, seeking to recover various itemized costs he had incurred in pursuing this action.

The trial court denied plaintiff's post-judgment motions. As to the attorney fees issues, the court noted that plaintiff had appeared *pro se,* and ruled that "it is inappropriate under Colorado law" to grant an award of attorney fees "to a *pro se* litigant." As to the costs issues, the court ruled that, under Colorado law, it could not assess costs against the state absent specific authorization to do so, and that it was not aware of any specific law granting it authority to assess costs against the state in a C.R.C.P. 106 proceeding.

Contrary to plaintiff's arguments on appeal, we perceive no error in those rulings.

■ As to the attorney fees issues, we conclude that there is no basis under § 13–17–102 for an award of attorney fees to a non-attorney *pro se* litigant. We recognize that a *pro se* litigant who is an attorney may be entitled to recover an award of attorney fees pursuant to § 13–17–102 as the prevailing party in appropriate circumstances. *See Zick v. Krob,* 872 P.2d 1290 (Colo.App.1993)(allowing fees incurred by licensed attorney appearing on behalf of himself and his spouse in defending frivolous action following heirship proceeding).

However, we perceive no basis under § 13–17–102 for an award of "attorney fees" to a *pro se* litigant, because no "attorney fees" exist in such situations. *Cf.* § 13–17–102(6), C.R.S.1998 (distinguishing between *pro se* parties who are attorneys and those who are not attorneys in establishing different standards for the assessment of attorney fees *against* the different types of *pro se* litigants).

Here, while plaintiff claimed to be a para-legal in the trial court proceedings, it is undisputed that he was not an attorney, nor was he working under the direction and control of a licensed attorney. Thus, plaintiff is not entitled to an award of attorney fees under § 13–17–102 as a matter of law, and the trial court properly denied his motion for such an award. *See Stevens v. Liberty Loan Corp.,* 161 Colo. 312, 421 P.2d 732 (1966)(overturning award of attorney fees pursuant to contract in absence of proof that fee was incurred or paid) *and In re Marriage of Jaeger,* 883 P.2d 577 (Colo.App.1994)(denying request for award of attorney fees on appeal because requesting party appeared *pro se* ); *see also Turman v. Tuttle,* 711 F.2d 148 (10th Cir.1983) (denying inmate's motion for award of attorney fees as prevailing party in an action brought under 42 U.S.C. § 1983 (1994), because inmate appeared *pro se* and was not an attorney).

■ Turning to the issues concerning the award of costs, we reject plaintiff's claim of entitlement thereto against the State of Colorado.

Under C.R.C.P. 54(d), costs may not be assessed against the state, its officials, or its agencies absent express legislative authorization permitting such awards. *See McFarland v. Gunter,* 829 P.2d 510 (Colo.App.1992).

Here, plaintiff relied on § 13–16–104 in the trial court proceedings as providing the requisite authorization for an award of costs against defendants, who are state officials. However, that statute contains only general provisions authorizing the recovery of costs, and does not expressly authorize the assessment of costs against the state. *McFarland v. Gunter, supra.*

Plaintiff's reliance on § 13–17–102 as providing the authorization required for a costs award against the state is equally unavailing because that statute deals only with awards of attorney fees, not costs.

Thus, the trial court properly denied plaintiff's motion for an award of costs against defendants in this matter. *See McFarland v. Gunter, supra* (inmates who prevailed in habeas proceeding could not recover costs against state); *see also Lucero v. Charnes,* 44

Colo.App. 73, 607 P.2d 405 (1980) (plaintiff who successfully challenged revocation of driver's license in judicial review proceedings could not recover costs against state).

Plaintiff's remaining contentions of error on appeal are also unpersuasive.

The order denying plaintiff's post-judgment motions for attorney fees and costs is affirmed.

Judge MARQUEZ and Justice ERICKSON,* concur.