Tiem Q. NGUYEN, Plaintiff–Appellee,

v.

**REGIONAL TRANSPORTATION DISTRICT, Defendant–Appellant.**

No. 98CA1278.

Colorado Court of Appeals, Div. A.

May 13, 1999.

Rehearing Denied July 1, 1999.

Certiorari Denied Nov. 8, 1999.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1998.

**934** ■ ▬▬▬▬▬

plaintiff filed a bill of costs seeking costs totaling $5118.12. The trial court disallowed certain costs and awarded plaintiff $4786.62.

## I.

RTD contends that, absent an express authorization for an award of costs in either a statute or rule, an award of costs against it is precluded by C.R.C.P. 54(d) and Chief Justice Directive No. 85–21 (February 20, 1985). However, inasmuch as the supreme court, subsequent to the issuance of Chief Justice Directive No. 85–21, has held that an award of costs under C.R.C.P. 54(d) is permitted for a tort action under the GIA, we reject this contention.

Under § 32–9–119(1)(a), C.R.S.1998, RTD is a statutorily created political subdivision of the state.

As pertinent here, C.R.C.P. 54(d) provides that:

> Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; *but costs against the state of Colorado, its officers or agencies, shall be imposed only to the extent permitted by law.* (emphasis added)

In addition, Chief Justice Directive No. 85–21 (February 20, 1985) provides that:

> The courts shall waive filing fees for the state, state agencies, or political subdivisions of the state. *The courts shall not enter judgments for costs or assess costs as part of any judgment against the state, state agencies, or political subdivisions of the state.* The term (costs) does not include the expenses involved or fees authorized in preparing appeals, the record on appeal, or any transcript of evidence or testimony. The state, state agencies, and political subdivisions of the state shall be charged the same fees for preparation of such materials as would be charged to a private litigant. (emphasis added)

and § 24–51–1105, C.R.S.1998.

James R. Collins, Denver, Colorado, for Plaintiff-Appellee

James A. Stadler, Associate General Counsel, Erica A. Weber, Assistant General Counsel, Regional transportation District, Denver, Colorado, for Defendant-Appellant

Opinion by Judge TURSI.*

In this negligence action, defendant, Regional Transportation District (RTD), appeals from the trial court's order awarding costs to plaintiff, Tiem Quang Nguyen. We affirm.

Plaintiff brought this action after being struck by a car when he exited from an RTD bus. Following a jury verdict in his favor,

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

We note that this directive was preceded by Chief Justice Directive 82–4 (August 13, 1982), which provided: "The courts do not assess 'costs' against the state or its agencies or political subdivisions." *See Bennett Bear Creek Farm Water & Sanitation District v. City & County of Denver,* 928 P.2d 1254 (Colo.1996) (fn.31).

In *Lee v. Colorado Department of Health,* 718 P.2d 221, 229 (Colo.1986), which was announced after the Chief Justice Directives discussed above, the supreme court held that "costs and interest may be included in any judgment entered against a public entity pursuant to the Governmental Immunity Act" as long as the total amount of the judgment does not exceed the recovery limitations set forth in the Act. Although the court recognized that under C.R.C.P. 54(d) costs are to be imposed against the state only to the extent permitted by law, it stated:

> We do not interpret C.R.C.P. 54(d) or the Governmental Immunity Act so narrowly as to prohibit an assessment of costs and interest on a judgment entered against a public entity merely because the legislature has not seen fit to expressly provide for such assessments.

*Lee v. Colorado Department of Health, supra,* 718 P.2d at 229.

Thus, based on the general rule that a prevailing party may recover costs unless a statute or rule specifically prohibits such an award and because nothing in the GIA precluded an award of costs against the state, the *Lee* court concluded that costs were awardable in the context of a tort claim under the Governmental Immunity Act.

In reaching this conclusion, the court rejected the rationale of two prior decisions which had held that costs were not awardable against the state. *See Shumate v. State Personnel Board,* 34 Colo.App. 393, 398, 528 P.2d 404, 407 (1974) (under C.R.C.P. 54(d), "[c]osts are not taxable against the sovereign unless the legislature so directs."); *Dietemann v. People,* 78 Colo. 92, 239 P. 1020 (1925) (the state's status as a sovereign precluded an award of costs unless a statute or rule specifically authorized such an assessment).

We note that the supreme court has reaffirmed its holding in *Lee* in subsequent decisions. *See Division of Employment & Training v. Turynski,* 735 P.2d 469 (Colo. 1987) (concluding that recipients of unemployment compensation benefits were entitled to recover their appellate costs from the state); *Passarelli v. Schoettler,* 742 P.2d 867 (Colo.1987) (relying on *Lee,* court held that sovereign immunity did not bar an award of prejudgment interest in an action under the GIA); *Board of County Commissioners v. Slovek,* 723 P.2d 1309 (Colo.1986) (decision in *Lee* held as dispositive of whether costs could be imposed against the county when it loses a negligence action under the GIA); *see also DeCordova v. State,* 878 P.2d 73, 75 (Colo. App.1994) (noting that "[n]othing in the Governmental Immunity Act prohibits the 'awarding' of actual costs to a plaintiff pursuant to § 13–17–202.").

▮ Furthermore, we note that § 24–10–107, C.R.S.1998, provides that once sovereign immunity has been waived, "liability of the public entity shall be determined in the same manner as if the public entity were a private person." The language of this section evinces an intent by the General Assembly to treat a public entity the same as a private litigant. Thus, we conclude that § 24–10–107 authorizes an award of costs against a public entity in a tort action under the GIA. *See Colorado Department of Social Services v. Bethesda Care Center, Inc.,* 867 P.2d 4 (Colo. App.1993) (the General Assembly evidenced an intent in § 24–4–105(4), C.R.S.1998, to hold an agency liable for attorney fees for asserting a frivolous defense to a vendor's motion).

RTD argues that more recent decisions by the supreme court have implicitly rejected the rationale used in *Lee, i.e.,* that nothing in the GIA *precludes* an award of costs against a public entity. We disagree.

In *Waters v. District Court,* 935 P.2d 981 (Colo.1997), the court stated that costs can be awarded against the state under C.R.C.P. 54(d) when there is an express legislative provision for costs against the state. In *Bennett Bear Creek Farm Water & Sanitation District v. City & County of Denver, supra,* 928 P.2d at 1274, the court distin-

guished *Lee*, noting that it did not apply when "political subdivision is matched against political subdivision. . . ." There, it also noted that Chief Justice Directive No. 85–21 would prevent the trial court from awarding costs against the Districts except as provided in the directive. However, Chief Justice Directive 85–21 preceded *Lee*, and *Central Colorado Water Conservancy District v. Simpson*, 877 P.2d 335 (Colo.1994) is distinguishable. Further, although the supreme court has revisited this issue several times, it has not overruled its decision in *Lee*.

Thus, because plaintiff's action was a tort action under the GIA, we conclude that *Lee* is dispositive of RTD's contention. As was noted in that decision: "[A] public entity which has been sued pursuant to the [GIA] may be taxed costs in connection with the judgment entered against it." *Lee v. Colorado Department of Health, supra*, 718 P.2d at 229.

Based on the foregoing, we conclude that the trial court did not err in awarding plaintiff his costs pursuant to C.R.C.P. 54(d).

## II.

■ RTD also contends that the district court abused its discretion in awarding certain costs. In particular, RTD challenges the trial court's award of costs for: (1) discovery deposition fees; (2) copies of discovery depositions; (3) copies of medical records for injuries not claimed at trial; (4) expert fees associated with deposing one of plaintiff's experts; (5) certain fees associated with photographs; and (6) non-itemized copy fees. RTD also contends that the trial court made certain mathematical errors in calculating costs, amounting to an excess award of $2.65. Insofar as we conclude that the record supports the trial court's award of costs, and the mathematical errors are de minimis, we will not overturn its award.

■ Generally, a trial court has broad discretion in awarding costs and its decision will not be overturned on appeal absent an abuse of that discretion. *Rossmiller v. Romero*, 625 P.2d 1029 (Colo.1981); *Dewey v. Hardy*, 917 P.2d 305 (Colo.App.1995). However, if the trial court's decision is manifestly arbitrary, unreasonable, or unfair, an abuse of discretion may be found. *Hock v. New York Life Insurance Co.*, 876 P.2d 1242 (Colo. 1994).

Each of the contested items may be awarded by the trial court in its discretion. *See Cherry Creek School District No. 5 v. Voelker*, 859 P.2d 805 (Colo.1993) (in holding that fees associated with discovery depositions were awardable, the court noted that list of items awardable as costs in § 13–16–122, C.R.S.1998, is illustrative rather than exclusive); § 13–16–122(1)(d), C.R.S.1998 (court reporter fees); §§ 13–16–122(1)(e) and 13–33–102(4), C.R.S.1998 (expert witness fees); § 13–16–122(1)(f), C.R.S.1998 (copies of documents necessarily obtained for use in the case).

Here, the record on appeal is very limited. No transcript or exhibits from the trial were provided. As such, the trial court was in a far better position to determine whether the challenged costs were reasonable and necessary. Therefore, we are unable to conclude that the court abused its discretion in awarding these costs. *See Dewey v. Hardy, supra.*

■ As noted, RTD seeks to overturn $2.65 in costs awarded by the trial court on the basis of mathematical errors that originated in plaintiff's bill of costs. However, even if we were to agree with RTD that the trial court erred in awarding these costs, we conclude that any error falls within the scope of the maxim *de minimis non curat lex.* Hence, we decline to expend judicial resources remanding for correction of this negligible error.

The order is affirmed.

Judge TAUBMAN and Justice KIRSHBAUM concur.