Michael BRANCH, Plaintiff–Appellant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, Defendant–Appellee.

No. 01CA2403.

Colorado Court of Appeals, Div. IV.

Dec. 18, 2003.

Willett & Mestas, LLC, Jonathan S. Willett, Denver, Colorado, for Plaintiff–Appellant.

Ken Salazar, Attorney General, Joseph P. Sanchez, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge WEBB.

In this C.R.C.P. 106(a)(4) action, plaintiff, Michael Branch, appeals the trial court's order denying his request for costs against defendant, the Colorado Department of Corrections (DOC). We reverse and remand for an award of costs.

Plaintiff brought this C.R.C.P. 106(a)(4) action challenging his conviction for a violation of the DOC Code of Penal Discipline. The trial court reversed the conviction and awarded plaintiff his costs.

Upon DOC's motion for reconsideration, the trial court reversed the cost award, finding that the award was contrary to the prohibition of cost awards against the state in C.R.C.P. 54(d) and was not authorized under § 13–16–111, C.R.S.2003. However, the court noted a "certain unfairness in denying [plaintiff] and other successful inmate litigants reimbursement for their costs while, at the same time, allowing the state to recover its costs from the inmates' accounts in cases where the inmate does not prevail."

■ We conclude that notwithstanding C.R.C.P. 54(d), plaintiff was entitled to his costs under § 13–16–111, which provides in pertinent part that a prevailing plaintiff in a C.R.C.P. 106(a)(4) action "shall recover his costs of suit."

■ Absent a prohibitory statute or rule, a trial court may in its discretion award costs to the prevailing party. *Rossmiller v. Romero,* 625 P.2d 1029 (Colo.1981). However, C.R.C.P. 54(d) limits this general rule by providing that "costs against the state of Colorado, its officers or agencies, shall be imposed only to the extent permitted by law." *See also* Chief Justice Directive 85–21 (Feb. 20, 1985)(courts shall not enter judgments for costs or assess costs as part of any judgment against the state, state agencies, or political subdivisions of the state); *Bennett Bear Creek Farm Water & Sanitation Dist. v. City & County of Denver,* 928 P.2d 1254 (Colo.1996)(applying Chief Justice Directive 85–21).

C.R.C.P. 54(d) has been interpreted by the supreme court as limited by two exceptions where costs may be awarded against the state: first, where the General Assembly expressly so provides; and, second, where the state is in the same position as a party litigant against whom costs are legislatively authorized to be awarded. *Waters v. Dist. Court,* 935 P.2d 981 (Colo.1997).

With respect to the first exception, divisions of this court have held that § 13–16–104, C.R.S.2003 ("the plaintiff or demandant shall have judgment to recover against the defendant his costs to be taxed"), is only a general provision providing for cost awards, not an express authorization to award costs against the state, its officers, or its agencies. *See Smith v. Furlong,* 976 P.2d 889 (Colo.App.1999)(citing *McFarland v. Gunter,* 829 P.2d 510 (Colo.App.1992)).

With respect to the second exception, in *Lee v. Colorado Department of Health,* 718 P.2d 221, 228 (Colo.1986), the supreme court acknowledged that the Governmental Immunity Act (GIA) created tort liability for a public entity for injuries arising from the operation of a motor vehicle, § 24–10–106(1)(a), C.R.S.2003, and noted the general rule that a prevailing party may recover costs. The court declined to interpret C.R.C.P. 54(d) or the GIA "so narrowly as to prohibit an assessment of costs and interest on a judgment entered against a public entity merely because the legislature has not seen fit to expressly provide for such assessments." However, the court held that the total amount of the judgment, inclusive of interest and costs, must not exceed the recovery limitations of § 24–10–114(1), C.R.S. 2003.

In *Carney v. Civil Service Commission,* 30 P.3d 861 (Colo.App.2001), the division upheld a cost award against a municipal corporation under § 13–16–111. However, the parties have cited no published case, and we have found none, deciding whether § 13–16–111 authorizes an award of costs against the state. The plain language of § 13–16–111 neither expressly includes nor expressly excludes such an award.

■ The interpretation of a statute is a question of law that we review de novo. *United Airlines, Inc. v. Indus. Claim Appeals Office,* 993 P.2d 1152 (Colo.2000).

■ To give effect to the General Assembly's intent, we first afford statutory language its plain and ordinary meaning. However, if a statute is ambiguous, we may consider prior law, legislative history, the consequences of a given construction, and the underlying purpose or policy of the statute. *See, e.g., People v. Luther,* 58 P.3d 1013 (Colo.2002).

Here, no legislative history is available. However, the plain language indicates a purpose of favoring recovery of costs by prevailing plaintiffs. To interpret the statute as not permitting prevailing plaintiffs to recover their costs from the state would in part nullify this purpose. *See Hale v. Erickson,* 23 P.3d 1255 (Colo.App.2001)(courts should avoid interpretations that nullify a statute's purpose).

Moreover, unlike § 13–16–104, which applies to all civil actions, § 13–16–111 applies specifically to C.R.C.P. 106(a)(4) actions. A C.R.C.P. 106(a)(4) action may be brought only against a governmental body or officer or lower judicial body exercising judicial or quasi-judicial functions, which necessarily includes the state.

Given the state's significant role in C.R.C.P. 106(a)(4) litigation, we are not persuaded to adopt a narrow construction merely because § 13–16–111 lacks an express provision for assessing costs against the state. *See Lee v. Colo. Dep't of Health, supra.* As in the GIA, nothing in § 13–16–111 "prohibits an assessment of costs against the state." *Lee v. Colo. Dep't of Health, supra,* 718 P.2d at 228; *see also Div. of Employment & Training v. Turynski,* 735 P.2d 469, 473 n. 5 (Colo.1987)(allowing recovery of costs against the division for preparing a transcript because prevailing parties generally recover such costs, and noting "the fact that the relevant statute does not expressly provide for an assessment of costs will not prevent collection of costs from a public entity in connection with a judgment entered against it").

And we agree with the trial court's observation that a narrow construction of the statute leads to an unfair result, because when the state is successful it can recover its costs. *Rossmiller v. Romero, supra; see Charnes v. Boom,* 766 P.2d 665 (Colo.1988)(court must presume that General Assembly intended a just and reasonable result).

Thus, we conclude that when read together with C.R.C.P. 106(a)(4), § 13–16–111 authorizes a cost award against the state, and therefore the statute satisfies the first exception to C.R.C.P. 54(d).

To the extent that *Smith v. Furlong, supra,* and *McFarland v. Gunter, supra,* can be read to suggest otherwise, we decline to follow them. *Smith* relied on *McFarland,* which in turn relied on *Shumate v. State Personnel Board,* 34 Colo.App. 393, 528 P.2d 404 (1974). However, *Lee v. Colorado Department of Health, supra,* questioned the

rationale of *Shumate.* *See Nguyen v. Reg'l Transp. Dist.,* 987 P.2d 933 (Colo.App.1999).

Further, the plain language of § 13–16–111 places all C.R.C.P. 106(a)(4) defendants on an equal footing in terms of vulnerability to cost awards. Thus, it operates similarly to § 24–10–107, C.R.S.2003, the provision of the GIA that "evinces an intent by the General Assembly to treat a public entity the same as a private litigant." *Nguyen, supra,* 987 P.2d at 935. Therefore, we also conclude that because § 13–16–111 places the state in the same position as other defendants, it satisfies the second exception to C.R.C.P. 54(d).

In this regard, a statute should be construed to avoid any issue of its constitutional validity. *Adams County Sch. Dist. No. 50 v. Heimer,* 919 P.2d 786 (Colo.1996). As noted, § 13–16–111 has been interpreted to authorize a cost award against a municipal corporation. *Carney v. Civil Serv. Comm'n, supra.* Construing § 13–16–111 to exempt the state, its officers, and its agencies from cost awards that would be proper against all other public entity defendants in C.R.C.P. 106 actions could invite an equal protection challenge. We express no opinion on the outcome of such a challenge.

Accordingly, we conclude that § 13–16–111 allows a prevailing plaintiff in a C.R.C.P. 106(a)(4) action to recover costs against the state, its officers, and its agencies.

In light of our determination, we need not address the constitutional issues raised by plaintiff.

The order is reversed, and the case is remanded to the trial court with directions to award plaintiff the reasonable costs he incurred in successfully prosecuting this C.R.C.P. 106(a)(4) action against DOC.

Judge KAPELKE and Judge VOGT concur.