Clayton B. PHILLIPS, Plaintiff–Appellant,

v.

Gary WATKINS, Al Estep, Trevor Williams, Jim Day, S. Butler, Endre Samu, Shawn Philip, and Lt. Anthony, Defendants–Appellees.

No. 06CA0767.

Colorado Court of Appeals, Div I.

May 3, 2007.

Rehearing Denied July 12, 2007.

Clayton B. Phillips, Pro Se.

John W. Suthers, Attorney General, James X. Quinn, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge MÁRQUEZ.

In this C.R.C.P. 106(a)(4) action, plaintiff, Clayton B. Phillips, an inmate, appeals the order denying his request for an award of costs from defendants, Gary Watkins, Al Estep, Trevor Williams, Jim Day, S. Butler, Endre Samu, Shawn Philip, and Lt. Anthony, all employees of the Department of Corrections (DOC). We affirm.

Plaintiff commenced this action seeking judicial review of three separate disciplinary actions in which he was found guilty of five counts of violating the DOC's Code of Penal Discipline. Plaintiff also sought review of a separate order placing him in administrative segregation.

The trial court ultimately reversed the finding of guilt on one of the disciplinary counts based upon a lack of evidence but affirmed plaintiff's convictions on the remaining four counts. The trial court also set aside the administrative segregation order based upon defendants' failure to follow applicable procedures and remanded the matter for a new administrative segregation hearing. Plaintiff appealed the trial court's judgment. In *Phillips v. Watkins,* 2005 WL 2878089 (Colo.App. No. 04CA0703, Nov. 3, 2005) (not published pursuant to C.A.R. 35(f) ), a division of this court affirmed the trial court's judgment except a portion upholding the requirement that plaintiff pay thirty-seven cents in restitution.

Upon remand to the trial court, plaintiff filed a motion pursuant to § 13–16–111, C.R.S.2006, seeking to recover his costs associated with the action.

The trial court concluded that it had discretionary authority to award costs and denied the motion based upon a determination that both plaintiff and defendants had prevailed in the action "to some degree."

## I.

Plaintiff contends that the trial court erred in denying his motion for costs. He contends that, because he achieved some success in the action, the trial court was required to award him costs. We disagree.

## A.

Initially, we decline defendants' request that we affirm the trial court's order on the ground that plaintiff's request for costs was untimely under C.R.C.P. 121 § 1–22.

Although C.R.C.P. 121 § 1–22(1) requires a party seeking costs to file a request within fifteen days of the entry of the order or judgment, it also provides that a request may be filed "within such greater time as the court may allow." Moreover, a party's failure to request an extension of time does not preclude a trial court from considering a request filed beyond the fifteen-day deadline. *See In re Marriage of Wright,* 841 P.2d 358, 361 (Colo.App.1992); *Koontz v. Rosener,* 787 P.2d 192, 199 (Colo.App.1989).

Here, although plaintiff filed his costs motion well outside the applicable deadline, the trial court chose to address the merits of the motion. We perceive no abuse of discretion in the trial court's decision to address plaintiff's motion and conclude that the motion was filed "within such greater time as the court may allow." *See In re Marriage of Wright, supra; Koontz v. Rosener, supra.*

### B.

Plaintiff requested an award of costs pursuant to § 13–16–111, which provides as follows:

A plaintiff who obtains judgment or an award of execution in an action brought under subsection (4) or (5) of rule 106(a), C.R.C.P., shall recover his costs of suit. The defendant shall recover his costs if the action brought under subsection (4) or (5) of rule 106(a), C.R.C.P., is dismissed pursuant to rule 41, C.R.C.P.

The word "shall" in this statute evinces a legislative intent that the prevailing party in a C.R.C.P. 106(a)(4) action must be awarded reasonable costs. *Carney v. Civil Serv. Comm'n,* 30 P.3d 861, 867 (Colo.App.2001). Furthermore, the statute does not prohibit an award of costs to defendants who are prevailing parties on the merits in a C.R.C.P. 106(a)(4) action. *See Rossmiller v. Romero,* 625 P.2d 1029, 1030 (Colo.1981).

Prior published decisions upholding cost awards to plaintiffs under § 13–16–111 have involved circumstances in which the plaintiff was entirely successful and, therefore, clearly the prevailing party. Thus, the trial court was required to award costs. *See, e.g., Branch v. Colo. Dep't of Corr.,* 89 P.3d 496, 499 (Colo.App.2003); *Carney v. Civil Serv. Comm'n, supra.*

However, we do not read § 13–16–111 as requiring an award of costs if, as here, a plaintiff achieves mixed success in a C.R.C.P. 106(a)(4) action involving multiple claims or issues. Such a reading would require us to ignore §§ 13–16–108 and 13–16–109, C.R.S. 2006, both of which vest trial courts with discretion to award costs if a party achieves some success when several counts or matters are pleaded. It would also require us to ignore established case law giving trial courts discretionary authority to award costs in those circumstances. *See Archer v. Farmer Bros. Co.,* 90 P.3d 228, 231 (Colo.2004) (if case involves multiple claims or issues and both sides have achieved some success, the trial court, guided by C.R.C.P. 54(d), retains discretion to determine which party, if any, is the prevailing party and whether costs should be awarded); *Mackall v. Jalisco Int'l, Inc.,* 28 P.3d 975, 977 (Colo.App.2001) (ad-dressing C.R.C.P. 54(d) and earlier version of § 13–16–104, C.R.S.2006; if each of the parties can arguably be viewed as having prevailed in part, the award of costs is committed to the sole discretion of the trial court).

■ Our conclusion that § 13–16–111 does not mandate an award of costs to a partially successful plaintiff is further supported by the manner in which courts have applied § 13–16–104, the general costs statute for plaintiffs. That statute contains language similar to § 13–16–111 and requires an award of costs whenever a plaintiff "recovers any debt or damages" in an action. However, courts have consistently applied a "prevailing party" standard to requests under § 13–16–104. *See Grynberg v. Agri Tech, Inc.,* 985 P.2d 59, 64 (Colo.App.1999), *aff'd,* 10 P.3d 1267 (Colo.2000); *Frost v. Schroeder & Co.,* 876 P.2d 126, 129 (Colo.App.1994); *see also* C.R.C.P. 54(d) (providing that except when express provision is made in a statute or rule, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs").

Furthermore, unlike other statutory cost provisions, § 13–16–111 does not require an award when a party prevails on even a single claim. *See Giguere v. SJS Family Enters., Ltd.,* 155 P.3d 462 (Colo.App.2006) (discussing prior version of § 38–33.3–123(1)(c), Colo. Sess. Laws 2005, ch. 308 at 1377, which provided that in certain common interest ownership act proceedings, "[f]or each claim … the court shall award to the party prevailing on such claim the prevailing party's [fees and costs] incurred in asserting or defending the claim").

In sum, we conclude that the trial court correctly determined that it retained discretion to award costs under these circumstances.

### C.

■ We further conclude that the trial court did not abuse its discretion in denying plaintiff's request for costs.

We review an award of costs for an abuse of discretion and will only disturb the award if it is manifestly arbitrary, unreasonable, or

unfair. *Archer v. Farmer Bros. Co., supra,* 90 P.3d at 230.

Here, although plaintiff succeeded in obtaining reversal of one disciplinary conviction as well as a remand for a new administrative segregation hearing, the trial court ultimately affirmed four of plaintiff's five disciplinary convictions.

Under these circumstances, we perceive no abuse of discretion in the trial court's decision that plaintiff was not entitled to an award of costs as a prevailing party. *See Remote Switch Sys., Inc. v. Delangis,* 126 P.3d 269, 275 (Colo.App.2005)(because both employer and employee essentially prevailed on a significant claim, trial court did not abuse its discretion in determining that neither party prevailed and denying employee's request for costs); *see also Pastrana v. Hudock,* 140 P.3d 188, 190 (Colo.App.2006)(affirming trial court's ruling that each party had prevailed in part and thus should pay its own costs under C.R.C.P. 54(d) ).

The order is affirmed.

Judge ROY and Judge FURMAN concur.